ORIGINAL

FILED
JAN 11 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

Sean P. Reis (sreis@edelson.com)
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SAGER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, SOUNDBITE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendants. | Case No. CV 12 0197 HRL<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

FAXED

**CLASS ACTION COMPLAINT**

Plaintiff Ron Sager brings this class action complaint against Defendants Bank of America Corporation (hereinafter "Bank of America") and Soundbite Communications, Inc. ("Soundbite") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiff, for his class

action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE CASE**

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In one such effort to promote its banking services, Defendant Bank of America, one of the nation's largest banks, engaged Defendant Soundbite to conduct an especially pernicious form of solicitation: the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff is a citizen of Illinois.

7. Defendant Bank of America is a Delaware corporation who at all relevant times maintained its headquarters and principal place of business in North Carolina. Bank of America is a global banking concern that markets and sells various financial products and services to consumers throughout the United States, including this District.

8. Defendant Soundbite is a Delaware corporation who at all relevant times maintained its headquarters and principal place of business is Massachusetts. A self-described "global leader in on-demand, multi-channel communications," Soundbite is a mobile marketing company with customers throughout the United States, including this District.

## JURISDICTION & VENUE

9. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10. This Court has personal jurisdiction over Defendants because Defendants conduct operations and sales in California, Defendants are registered to do business in California, Defendants maintain offices in California, and the text message calls alleged herein originated nationwide from property located in California.

11. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants reside in this District and because a substantial part of the events giving rise to the claim occurred in this District, as the Defendants' agent that transmitted the text message calls at

issue resides in this District.

## INTRADISTRICT ASSIGNMENT

12. The conduct giving rise to this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. Unlike more conventional solicitations, SMS calls, and particularly wireless spam, can actually costs their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Over the course of an extended period beginning in at least 2009, Defendants directed the mass transmission of wireless spam to the cell phones of consumers nationwide.

18. For instance, on or about March 16, 2009, Defendants called Plaintiff's

cellular telephone number, which is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

19. The "from" field of such transmission was identified cryptically as "70650," which is an abbreviated telephone number known as an SMS short code operated by Defendant Soundbite. The body of such text message read:

BANK OF AMERICA FREE TEXT ALERT: TO AVOID A SERVICE INTERRUPTION ON YOUR ACCOUNT, PLEASE CALL 866-963-1064 BEFORE 9PM TODAY. TO END ALERTS REPLY STOP.

20. Shortly after receiving the above message, Plaintiff replied "Stop," thereby confirming he did not provide any prior express consent to Defendants to send such text messages to his cellular telephone and rescinded any such prior consent should any have existed.

21. Despite having expressly informed Defendants to discontinue the transmission of text messages to his cellular telephone, Defendants sent yet another unsolicited text message to Plaintiff that same day, which again originated from short code 70650 and read as follows:

THANK YOU. YOU WILL NO LONGER RECEIVE TEXT ALERTS FROM BANK OF AMERICA TO THIS NUMBER. IF YOU HAVE QUESTIONS, PLEASE CALL 866-963-1064.

22. At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and two classes (the "Classes") defined as follows:

(i) Bank of America Class ("Bank of America Class") All persons in the United States and its Territories who received one or more unauthorized text message solicitations on behalf of Bank of America.

(ii) Soundbite Class ("Soundbite Class") All persons in the United States and its Territories who received one or more unauthorized text message solicitations on behalf of Soundbite.

24. The Classes consists of thousands of individuals and other entities, making joinder impractical.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

26. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

28. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Classes members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

29. There are many questions of law and fact common to the claims of Plaintiff

and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

(a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

(b) Are the Classes' members entitled to treble damages based on the willfulness of Defendants' conduct?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of the Classes)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendants made unsolicited commercial text calls, including the messages transcribed above, to the wireless telephone numbers of the Classes. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to tens of thousands of wireless telephone numbers without human intervention.

32. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

33. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

34. Should the Court determine that Defendants had knowledge that Plaintiff and the other members of the Classes did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the

amount of statutory damages recoverable by the Plaintiff and the other members of the Classes.

WHEREFORE, Plaintiff Ron Sager, on behalf of himself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendants to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 11, 2012

Respectfully submitted,

By: ______________________

Sean P. Reis
EDELSON MCGUIRE, LLP
One of the Attorneys for RON SAGER, individually and on behalf of a class of similarly situated individuals

David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299