1  Abraham J. Colman (SBN 146933)
   acolman@reedsmith.com
2  Felicia Y. Yu (SBN 193316)
   fyu@reedsmith.com
3  Michael A. Garabed (SBN 223511)
   mgarabed@reedsmith.com
4  Janet M. Lee (SBN 251518)
   jmlee@reedsmith.com
5
6  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
7  Telephone:    213.457.8000
   Facsimile:    213.457.8080
8
   Attorneys for Defendant
9  BANK OF AMERICA CORPORATION

10

11                   UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  RON SAGER, individually and on behalf of a      Case No. 5:12-cv-00197-RMW
    class of similarly situated individuals,
15                                                   **NOTICE OF MOTION AND MOTION OF**
                      Plaintiff,                     **DEFENDANT BANK OF AMERICA**
16                                                   **CORPORATION TO STAY CASE**
           vs.                                       **PENDING OUTCOME OF PETITION**
17                                                   **BEFORE FCC; MEMORANDUM OF**
    BANK OF AMERICA CORPORATION, a                   **POINTS AND AUTHORITIES IN**
18  Delaware corporation, SOUNDBITE                  **SUPPORT THEREOF**
    COMMUNICATIONS, INC., a Delaware
19  corporation,                                     **CLASS ACTION**

20                    Defendants.                    Date:         September 14, 2012
                                                     Time:         9:00 a.m.
21                                                   Courtroom:    6 (4th Floor)

22                                                   Complaint Filed: January 11, 2012

23                                                   The Honorable Ronald M. Whyte

24                                                   [Filed concurrently with Declaration of Janet M.
                                                     Lee and [Proposed] Order]
25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    PLEASE TAKE NOTICE that on September 14, 2012, 2012 at 9:00 a.m. in Courtroom 6

2  (4th Floor) of the above-titled court, located at 280 South 1st Street, San Jose, California 95113

3  Defendant Bank of America Corporation ("Bank of America") will and hereby does move the Court

4  for a stay of this action on the following grounds:

5    This Court should exercise its authority to stay this matter under the primary jurisdiction

6  doctrine in the interests of justice, to promote judicial economy, and to avoid inconsistent rulings

7  because the Federal Communications Commission's decision on the petition filed by co-defendant

8  Soundbite Communications, Inc. regarding the interpretation and application of the Telephone

9  Consumer Protection Act ("TCPA") will be dispositive of the issues raised in this case.

10    This motion is based on this Notice, the attached Memorandum of Points and Authorities, the

11  Declaration of Janet M. Lee, the court file in this matter, and such oral argument as may be

12  presented at the time of the hearing on this motion.

13

14  DATED:  June 21, 2012                REED SMITH LLP

15

16                                       By____/s/ Janet M. Lee_____

17                                          Abraham J. Colman
                                           Felicia Y. Yu
18                                          Michael A. Garabed
                                           Janet M. Lee
19                                          Attorneys for Defendant
                                           BANK OF AMERICA CORPORATION

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –                    Case No. 5:12-cv-00197-RMW

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ................................................. 1

    A.   Material Allegations of Plaintiff's Complaint ................................................. 1

    B.   Procedural History ........................................................................................... 2

III. LEGAL ARGUMENT .............................................................................................. 3

    A.   This Court Should Stay This Action Pending A Ruling By The FCC Under The Primary Jurisdiction Doctrine ...................................................... 3

    B.   The Issues In Plaintiff's Complaint Are Pending Before The FCC .............. 4

    C.   Deference Should Be Given To The FCC's Interpretation Of The TCPA .................. 6

IV.  CONCLUSION ........................................................................................................ 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 5:12-cv-00197-RMW

**TABLE OF AUTHORITIES**

### Cases

*All One God Faith, Inc. v. Hain Celestial Group, Inc.*,
No. C 09–03517 JF (HRL), Slip Copy, 2011 WL 4433817 (N.D.Cal. September 22, 2011).......3, 4

*Chamber of Commerce of U.S. v. Lockyer*,
No. 2:05-CV-2257MCEKJM, 2006 WL 462482 (E.D.Cal. February 27, 2006) ..............................6

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984) ...........................................................................................................................6

*Clark v. Time Warner Cable*,
523 F.3d 1110 (9th Cir. 2008) ...........................................................................................................3

*Davel Commc'n, Inc. v. Qwest Corp.*,
460 F.3d 1075 (9th Cir. 2006) ...........................................................................................................4

*Glauser v. Twilio, Inc.*,
No. C 11–2584 PJH, Slip Copy, 2012 WL 259426 (N.D.Cal. January 27, 2012) ............................4

*Hart v. Comcast of Alameda*,
No. C 07-6350 PJH, 2008 WL 2610787 (N.D.Cal. June 25, 2008) ...................................................4

*Leckler v. Cashcall, Inc., No. C* ,
07-04002 SI, 2008 WL 5000528 (N.D.Cal. November 21, 2008) .....................................................6

*North County Communications Corp. v. California Catalog & Technology*,
594 F.3d 1149 (9th Cir. 2010) ....................................................................................................3, 4, 6

*Syntek Semiconductor Co., Ltd. v. Microchip Technology, Inc.*,
307 F.3d 775 (9th Cir. 2002) .............................................................................................................3

### Other Authorities

*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
Report and Order, FCC 92-443, 7 FCC Rcd 8752 (1992)...................................................................5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 5:12-cv-00197-RMW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Bank of America Corporation ("Bank of America") respectfully asks this Court to stay the instant action pending a ruling by the Federal Communications Commission ("FCC") on the petition filed by co-defendant Soundbite Communications, Inc. ("Soundbite").  Under the primary jurisdiction doctrine, a stay of the instant action pending a ruling by the FCC is appropriate given that the issues raised here and in Soundbite's petition fall squarely within the special competence of the administrative agency with regulatory authority.

In fact, the FCC is uniquely situated to interpret the provisions of the Telephone Consumer Protection Act ("TCPA") and determine whether certain conduct alleged here − the sending of a single text message confirming receipt of an opt-out request − violates the TCPA.  Staying the instant action pending the FCC's ruling on the pending petition would also allow for uniformity in administration and promote judicial economy.

Accordingly, Bank of America respectfully requests that this motion be granted and a stay entered in this case.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    Material Allegations of Plaintiff's Complaint**

On January 11, 2012, plaintiff Ron Sager, individually and on behalf of a putative class of similarly situated individuals ("Plaintiff"), filed the complaint in this action alleging a sole cause of action for violation of the TCPA.  In the complaint, Plaintiff alleges that beginning in 2009 or sooner, Defendants "directed the mass transmission of wireless spam to the cell phones of consumers nationwide."  Complaint, ¶ 17.  By way of example, Plaintiff alleges that on or about March 16, 2009, Defendants sent Plaintiff a text message stating:

> BANK OF AMERICA FREE TEXT ALERT: TO AVOID
> A SERVICE INTERRUPTION ON YOUR ACCOUNT,
> PLEASE CALL 866-963-1064 BEFORE 9PM TODAY.
> TO END ALERTS REPLY STOP.

Complaint, ¶ 19.  The "from" field of the text message was allegedly identified as "70650", an abbreviated telephone number known as an SMS short code operated by Defendant Soundbite.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    According to Plaintiff, shortly after receiving the message, Plaintiff replied "Stop" and

2    Defendants sent another text message to Plaintiff that same day, that stated:

3
                    THANK YOU.  YOU WILL NO LONGER RECEIVE
4                    TEXT ALERTS FROM BANK OF AMERICA TO
                      THIS NUMBER.  IF YOU HAVE QUESTIONS,
5                            PLEASE CALL 866-963-1064.

6    Complaint, ¶ 20.

7          Plaintiff alleges he did not consent to the receipt of this confirmatory text message and brings

8    a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself

9    and two classes defined as:

10              (i) Bank of America Class ("Bank of America Class") All persons in
                 the United States and its Territories who received one or more
11               unauthorized text message solicitations on behalf of Bank of America.

12              (ii) Soundbite Class ("Soundbite Class") All persons in the United
                  States and its Territories who received one or more unauthorized text
13               message solicitations on behalf of Soundbite.

14    Complaint, ¶¶ 22-23.

15          Plaintiff also alleges that Defendants sent unsolicited text messages to the wireless telephone

16    numbers of the purported class members and that each such text message was created using

17    "equipment that had the capacity to store or produce telephone numbers using a random or

18    sequential number generator, and to dial such numbers" without the prior express consent of Plaintiff

19    and the other purported class members.  Complaint, ¶¶ 31, 32.  As a result of Defendants' actions,

20    Plaintiff and the other purported class members allegedly suffered actual damages in having to pay

21    their wireless carriers for the text messages where applicable and are each entitled to a minimum of

22    $500.00 in damages for each violation of the TCPA.

23    **B.   Procedural History**

24          Following the filing of the Complaint in this action on January 11, 2012, co-defendant

25    Soundbite filed a Petition for Expedited Declaratory Ruling ("FCC Petition") with the FCC on

26    February 16, 2012 (CG Docket No. 02-278).  *See* Declaration of Janet M. Lee ("Lee Declaration"),

27    Exh. A.  In the FCC Petition, Soundbite requests an expedited declaratory ruling by the FCC that

28    "when a subscriber sends a text message choosing to opt-out of receiving future text messages from

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –                    Case No. 5:12-cv-00197-RMW

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  a Soundbite client, and a one-time immediate reply is sent back via text message to that customer

2  confirming the opt-out request, that confirmation message is not a violation of the Telephone

3  Consumer Protection Act ('TCPA') or Section 64.1200 of the Commission's rules." *See* Lee

4  Declaration, Exh. A, p. 1.

5      Pursuant to the Court's May 2, 2012 Order, a Case Management Conference has been set for

6  June 29, 2012.  On June 19, 2012, the Parties filed a stipulation extending Defendants' deadline to

7  respond to the complaint in light of Defendants' intention to file motions to stay this action.

8  [Document 26]

9  ### III.    LEGAL ARGUMENT

10  **A.    This Court Should Stay This Action Pending A Ruling By The FCC Under The**

11  **    Primary Jurisdiction Doctrine**

12      Pursuant to the primary jurisdiction doctrine, courts may stay proceedings or dismiss a

13  complaint without prejudice pending the resolution of "an issue within the special competence of an

14  administrative agency." *North County Communications Corp. v. California Catalog & Technology*,

15  594 F.3d 1149, 1162 (9th Cir. 2010) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th

16  Cir. 2008)[1]; *see also All One God Faith, Inc. v. Hain Celestial Group, Inc.*, No. C 09–03517 JF

17  (HRL), Slip Copy, 2011 WL 4433817, *5 (N.D.Cal. September 22, 2011) (noting that "The primary

18  jurisdiction doctrine allows the Court, 'under appropriate circumstances, [to] determine that the

19  initial decisionmaking responsibility should be performed by the relevant agency rather than the

20  courts.'") (quoting *Syntek Semiconductor Co., Ltd. v. Microchip Technology, Inc.*, 307 F.3d 775, 780

21  (9th Cir. 2002).

22      In considering whether to grant a stay, courts generally consider four factors: (1) the need to

23  resolve an issue; (2) that has been placed by Congress within the jurisdiction of an administrative

24  body having regulatory authority; (3) pursuant to a statute that subjects an industry or activity to a

25  comprehensive regulatory scheme; and (4) requires expertise or uniformity in administration.  *See*

26  

27  [1] In *North County Communications Corp.*, the Ninth Circuit noted a court may also apply the primary jurisdiction doctrine *sua sponte*. *See North County Communications Corp.*, 594 F.3d at 1162 n. 13.

28

1   *Glauser v. Twilio, Inc.,* No. C 11–2584 PJH, Slip Copy, 2012 WL 259426, *1 (N.D.Cal. January 27,

2   2012) (internal citations omitted); *see also All One God Faith, Inc.*, 2011 WL 4433817 at *5.

3   Although these factors are traditionally considered, no absolute requirements exist for applying the

4   primary jurisdiction doctrine. *See Glauser,* 2012 WL 259426 at *1 (noting the Ninth Circuit

5   traditionally looks to these four factors to be satisfied that the doctrine applies); *All One God Faith,*

6   *Inc.*, 2011 WL 4433817 at *5 (stating that while it is a discretionary question, courts applying the

7   doctrine have traditionally found these four factors present) (citing *Davel Commc'n, Inc. v. Qwest*

8   *Corp.,* 460 F.3d 1075, 1091 (9th Cir. 2006).

9          Based on this framework, the Court should exercise its authority to stay this action pending a

10  ruling by the FCC on the interrelated issues. *See Glauser,* 2012 WL 259426 at *3 (granting motion

11  to stay action given that "the FCC is in the process of utilizing its recognized expertise to consider

12  issues pending before the court"); *Hart v. Comcast of Alameda,* No. C 07-6350 PJH, 2008 WL

13  2610787, *2 (N.D.Cal. June 25, 2008) (granting motion to stay as to all claims, holding that "even

14  those claims that do not directly implicate the issue - e.g, plaintiff's claims for breach of contract,

15  false advertising, etc. - are nonetheless sufficiently interrelated with the network management issue

16  such that it cannot be said that the FCC's consideration and determination of the network

17  management issue will have no impact on resolution of these claims."); *North County*

18  *Communications Corp.*, 594 F.3d at 1162 (vacating judgment and remanding case so that

19  plaintiff/appellant's claims could be dismissed without prejudice "[b]ecause [the court is] ill

20  equipped to properly resolve North County's claim in the absence of a predicate determination from

21  the Commission....").

22  **B.      The Issues In Plaintiff's Complaint Are Pending Before The FCC**

23          In the complaint, Plaintiff alleges that Defendants transmitted unsolicited text messages to

24  the wireless telephone numbers of the class using equipment that had the capacity to store and

25  generate random or sequential numbers to dial without prior express consent.  Complaint, ¶¶ 31, 32.

26  For example, Plaintiff alleges he received a text message from Defendants on March 16, 2009 which

27  stated at the end of the message "TO END ALERTS REPLY STOP."  *Id.* at ¶ 19.  In response to this

28  text message, Plaintiff allegedly replied "Stop".  *Id.* at ¶ 20.  Defendants then allegedly sent Plaintiff

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO STAY CASE PENDING OUTCOME OF
PETITION BEFORE FCC

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   a confirmatory text message stating he would no longer receive text alerts from Bank of America to

2   that number and leaving a number to call if Plaintiff had questions. *Id.* at ¶ 21. Plaintiff alleges he

3   did not consent to the receipt of such text messages and that Defendants therefore violated the

4   TCPA.

5       This exact issue - whether sending text messages confirming opt-out requests violates the

6   TCPA - is raised in Soundbite's Petition for Expedited Declaratory Ruling filed with the FCC. *See*

7   Lee Declaration, Exh. A. In its FCC Petition, Soundbite requests a declaration that sending a one-

8   time immediate reply via text message upon receipt of an opt-out request via text message does not

9   violate the TCPA. *Id.* at p. 1.

10      In support of its FCC Petition, Soundbite makes a number of arguments, which the FCC is

11  uniquely positioned to consider. First, Soundbite points out that it sends opt-out confirmation text

12  messages pursuant to general FCC direction and specific industry guidelines, including the Best

13  Practices guidelines of the Mobile Marketing Association ("MMA") and requirements of wireless

14  operators and aggregators. *See* Lee Declaration, Exh. A, pp. 2-3. In addition, Soundbite argues that

15  a one-time confirmation text message sent within minutes of an opt-out request does not violate the

16  TCPA because such messages fall within the grace period applied by the FCC to TCPA opt-out

17  requests. *Id.* at pp. 3-4 (noting that the FCC allows telemarketers up to 30 days after an opt-out

18  request is made to cease voice calls and that because the FCC treats text messages as calls, the 30-

19  day grace period equally applies to opt-out requests for text messages); *see also id.* at p. 4 (noting the

20  FCC decided to apply the 30-day grace period to opt-out requests for facsimile numbers).

21      Soundbite also points out that, contrary to assertions made by Plaintiff that it uses an

22  automatic dialing system as defined by the TCPA and FCC implementing rules, Soundbite does not

23  use software that allows random or sequential calls in sending one-time confirmation text messages.

24  *See* Lee Declaration, Exh. A, p. 6. Accordingly, its conduct does not fall within the TCPA, as

25  previously explained by the FCC. *Id.* (stating that the TCPA does not reach telephone functions

26  where the numbers called are not generated in a random or sequential manner) (citing to *Rules and*

27  *Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, FCC

28  92-443, 7 FCC Rcd 8752, ¶ 47 (1992)). Lastly, Soundbite argues that sending one-time

1   confirmatory text messages is consistent with good public policy and the guidelines of the MMA,

2   CTIA Compliance Monitoring and Enforcement Playbook, and recommendations of the FCC.  *Id.* at

3   pp. 7 -8.  Because the FCC's resolution of these issues will be dispositive of the same issues in

4   Plaintiff's complaint, the Court should stay the instant action pending the ruling by the FCC.

5   **C.      Deference Should Be Given To The FCC's Interpretation Of The TCPA**

6          Following the enactment of the TCPA in 1991, the FCC prescribed implementing

7   regulations.  *See PL 102–243, 1991 S 1462; see also Chamber of Commerce of U.S. v. Lockyer*, No.

8   2:05-CV-2257MCEKJM, 2006 WL 462482, *1 (E.D.Cal. February 27, 2006) (noting that the TCPA

9   was enacted in 1991 and that in 1992, the FCC adopted rules implementing the TCPA).  Absent the

10  clearly expressed intent of Congress, an agency's construction of a statute which it administers is

11  given deference where the agency's interpretation is based on a permissible construction of the

12  statute.  *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-

13  843 (1984).  The Supreme Court in *Chevron* held that:

14              When a court reviews an agency's construction of the statute which it
                administers, it is confronted with two questions. First, always, is the
15              question whether Congress has directly spoken to the precise question
                at issue. If the intent of Congress is clear, that is the end of the matter;
16              for the court, as well as the agency, must give effect to the
                unambiguously expressed intent of Congress. If, however, the court
17              determines Congress has not directly addressed the precise question at
                issue, the court does not simply impose its own construction on the
18              statute, as would be necessary in the absence of an administrative
                interpretation. Rather, if the statute is silent or ambiguous with respect
19              to the specific issue, the question for the court is whether the agency's
                answer is based on a permissible construction of the statute. (footnotes
20              omitted).

21  *Chevron, U.S.A., Inc.*, 467 U.S. at 842-843; *see also Leckler v. Cashcall, Inc.*, No. C 07-04002 SI,

22  2008 WL 5000528, *1-2 (N.D.Cal. November 21, 2008) (holding lower court did not have

23  jurisdiction to review the FCC's declaratory ruling in vacating order that declaratory ruling by the

24  FCC was not entitled to agency deference).

25         In this case, resolution of the issues in Plaintiff's complaint are "within the special

26  competence of an administrative agency."  *North County Communications Corp.*, *supra*, 594 F.3d at

27  1162.  The FCC, as the administrative body with regulatory authority, has prescribed implementing

28  regulations for the TCPA and is uniquely qualified to interpret the statute.  *See, e.g.*, PL 102–243,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–6–

1   1991 S 1462, *supra*.  In addition, the issues in the pending FCC Petition as well as the complaint call

2   for consistency and uniformity in administration.

3   **IV.   CONCLUSION**

4         For these reasons, Bank of America respectfully requests that this Court grant this motion to

5   stay the instant action pending the ruling by the FCC.

6   DATED:  June 21, 2012                    REED SMITH LLP

7

8                                            By____/s/ Janet M. Lee_____

9                                               Abraham J. Colman
                                                Felicia Y. Yu
                                                Michael A. Garabed
10                                              Janet M. Lee
                                                Attorneys for Defendant
11                                              BANK OF AMERICA CORPORATION

12

13

14   US_ACTIVE-109734614.3

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware