Abraham J. Colman (SBN 146933)
acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
fyu@reedsmith.com
Michael A. Garabed (SBN 223511)
mgarabed@reedsmith.com
Janet M. Lee (SBN 251518)
jmlee@reedsmith.com

REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:    213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
BANK OF AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SAGER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, SOUNDBITE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:12-cv-00197-RMW<br><br>**DEFENDANT BANK OF AMERICA CORPORATION'S OBJECTION TO THIRD PARTY GERALD ROYLANCE'S MOTION FOR PERMISSION TO EFILE**<br><br>**CLASS ACTION**<br><br>Complaint Filed: January 11, 2012<br><br>The Honorable Ronald M. Whyte<br><br>[Filed concurrently with Declaration of Janet M. Lee] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I.    INTRODUCTION

Defendant Bank of America Corporation ("Bank of America") objects to third party Gerald Roylance's ("Mr. Roylance") Motion for Permission to E-file ("Motion") in the above-captioned putative class action.  Mr. Roylance seeks to "enter this case as a friend of the court in a subsequent filing", but fails to offer any persuasive reason that his involvement in this action is appropriate.  Accordingly, Bank of America requests that this Court deny Mr. Roylance's Motion.

# II.    PROCEDURAL BACKGROUND

On January 11, 2012, Plaintiff filed this putative class action against defendants Bank of America Corporation and Soundbite Communications, Inc. ("Defendants") alleging a sole cause of action for violation of the TCPA.  In the complaint, Plaintiff alleges that Defendants sent unsolicited text messages to the wireless telephone numbers of the purported class members and that each such text message was created using "equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers" without the prior express consent of Plaintiff and the other purported class members.  Complaint, ¶¶ 31, 32.

This case is currently not at issue.  Following the filing of the Complaint in this action on January 11, 2012, co-defendant Soundbite filed a Petition for Expedited Declaratory Ruling ("FCC Petition") with the FCC on February 16, 2012 (CG Docket No. 02-278), requesting a declaratory ruling by the FCC that sending a one-time immediate reply via text message upon receipt of an opt-out request via text message does not violate the TCPA.  *See* Declaration of Janet M. Lee ("Lee Declaration"), Exh. A.  On June 21, 2012, Defendants filed Motions to Stay Case Pending Outcome of Petition before FCC.  [Document nos. 27-28]  In light of the pending Motions to Stay, the parties stipulated to extend Defendants' time to respond to the Complaint to 21 days after the Court's ruling on the Motions to Stay.  [Document no. 26]  On June 22, 2012, the parties filed a Stipulation Regarding Briefing Schedule for the Motions to Stay as well as a Joint Case Management Statement.  Further, the Court continued the Case Management Conference to September 14, 2012, the hearing date for the Motions to Stay.

# III.    The Court Should Deny Third Party Gerald Roylance's Motion For Permission to Efile

In his Motion, Mr. Roylance states that he "seeks to enter this case as a friend of the court in

– 2 –

1   a subsequent filing." Motion, 1:18-19. Accordingly, it appears that Mr. Roylance's Motion is one

2   requesting leave to file a brief as an amicus curiae. *See* BLACK'S LAW DICTIONARY 98 (9th ed.

3   2009) (defining "amicus curiae" as "[Latin "friend of the court"] (17c) A person who is not a party

4   to a lawsuit but who petitions the court or is requested by the court to file a brief in the action

5   because that person has a strong interest in the subject matter. — Often shortened to amicus. — Also

6   termed friend of the court."). While the decision of whether to allow Amici to file a brief is solely

7   within the Court's discretion, "an individual seeking to appear as amicus must merely make a

8   showing that his participation is ***useful or otherwise desirable to the court***."[1] *Woodfin Suite Hotels,*

9   *LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, *3 (N.D.Cal. January 09, 2007)

10  (quoting In re Roxford Foods Litigation, 790 F.Supp. 987, 997 (E.D.Cal.1991)) (emphasis added).

11  *In re Roxford Foods Litigation*, 790 F.Supp. 987, 997 (E.D.Cal. October 07, 1991), is instructive.

12  There, the court granted the U.S.D.A.'s Motion for Leave to File Amicus Brief based on its holding

13  that

14
> the reasons the U.S.D.A. seeks to file its amicus brief are ***persuasive***.
> The U.S.D.A. has general oversight authority over the Act and is
15
> empowered to bring administrative actions against those who violate
> the Act and, in fact, prosecuted Roxford and Tutelian for violations of
16
> the Act after conducting the investigation discussed above. Moreover,
> this is the first major contested case involving the 1987 amendments to
17
> the Act. Finally, given Norbest's lengthy attacks on the PSA's actions,
> policies, and officials, the U.S.D.A. should be given the opportunity to
18
> address        some        of        these        issues        itself.

19  *Id.* (emphasis added).

20       In stark contrast, here, Mr. Roylance only states that he is "familiar with the Telephone

21  Consumer Protection Act" and that he has "commented on FCC Docket 02-278 for both the Club

22  Texting and Soundbite petitions" and the "FCC Notice of Public Rulemaking about harmonizing the

23  FCC and FTC telemarketing rules". *See* Motion, 1: 19-21. Notwithstanding the previous comments

24  by Mr. Roylance in FCC proceedings, Mr. Roylance fails to offer a persuasive reason why the filings

25  of "papers" by him in this action would be useful here. Indeed, Defendants have already filed

26

27  [1] Amicus curiae status does not entail permission to raise issues or arguments formally and gives it no right of appeal. *U.S. v. City of Los Angeles, Cal.*, 288 F.3d 391, 400 (9th Cir. 2002).

28

Case No. 5:12-cv-00197-RMW

DEFENDANT BANK OF AMERICA CORPORATION'S OBJECTION TO THIRD PARTY GERALD
ROYLANCE'S MOTION FOR PERMISSION TO EFILE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Motions to Stay this action pending a ruling by the FCC on some of the issues central to this case.

2  [Document nos. 27-28]. The Court should therefore deny Mr. Roylance's request to e-file "papers"

3  in this matter given his failure to demonstrate or offer any persuasive reason that his involvement

4  would be useful and efficient for the progress of this litigation.

## IV.    CONCLUSION

6      Third party Gerald Roylance has presented no basis for the Court to find that any

7  "subsequent filing" [Motion, 1:18-19] by him in this action would be "useful or otherwise desirable

8  to the court". Accordingly, Bank of America respectfully requests that the Court deny Mr.

9  Roylance's Motion For Permission to Efile.

10         DATED:  July 20, 2012                 REED SMITH LLP

11

12                                       By____/s/ Janet M. Lee_____
                                             Abraham J. Colman
13                                           Felicia Y. Yu
                                             Michael A. Garabed
14                                           Janet M. Lee
                                             Attorneys for Defendant
15                                           BANK OF AMERICA CORPORATION

16  US_ACTIVE-110063764.1

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-00197-RMW

DEFENDANT BANK OF AMERICA CORPORATION'S OBJECTION TO THIRD PARTY GERALD
ROYLANCE'S MOTION FOR PERMISSION TO EFILE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware